**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| MUTUAL BENEFIT INSURANCE COMPANY | : : : | |
| Plaintiff, | : : | Case No.: 1:19-cv-01422-GLR |
| v. | : : | |
| MIRIAM BREEDEN AND KENNETH BREEDEN | : : : | |
| Defendants | : | |
| And | : : | |
| MIRIAM BREEDEN | : : | |
| Defendant/Third Party Plaintiff | : : | |
| v. | : : | |
| GORGES & COMPANY, INC.<br>SERVE ON: F. David McNamara<br>Resident Agent<br>2345 York Road<br>Timonium, MD 21093 | : : : : : : | |
| Third Party Defendant | : | |

## THIRD PARTY COMPLAINT

Miriam Breeden, Defendant and Third-Party Plaintiff, hereby sues Gorges & Company, Inc. pursuant to Rule 14, and for reasons says:

### NATURE OF THE ACTION

1. This action was filed by Mutual Benefit Insurance Company ("Mutual Benefit") seeking, inter alia, a declaration that it has no duty to pay any sums for fire damage to a home owned by Miriam Breeden. Mutual Benefit has insured the home under a homeowner's

1

insurance policy since September of 1997 and is now attempting to avoid all coverage for damage caused by the fire based on its interpretation of the meaning of the phrase "residence premises" in its policy.

2. Gorges & Company, Inc. ("Gorges") is an insurance broker which has provided insurance brokerage services to Mrs. Breeden and her family for several decades. Gorges procured all of Mrs. Breeden's insurance coverage, including the Mutual Benefit policy at issue in this case. Mrs. Breeden denies that Mutual Benefit is entitled to the relief it seeks. However, Mrs. Breeden also contends that if Mutual Benefit does not have coverage for the damage caused by the fire then Gorges is liable to her for the cost of repairs, loss of use, loss of personal property and other damages arising from the fire that would otherwise be available under the policy.

## JURISDICTION AND PARTIES

3. Mutual Benefit is a Pennsylvania corporation which filed this diversity action under 28 U.S.C. § 1332 against Mrs. Breeden and Co-defendant Kenneth Breeden, both citizens of Maryland. The amount in controversy is in excess of $75,000.00.

4. Gorges is a corporation organized under the laws of the State of Maryland with its principal place of business in Timonium, Maryland. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

5. This case arises from a fire that occurred on December 31, 2018 at 9104 Transoms Road, Baltimore, Maryland 21236 ("the Nottingham Property" or "the home"). The home was purchased by Mrs. Breeden and her husband, Jackie Lee Breeden, on July 22, 1988. Jackie Lee Breeden died on December 9, 2010.

6. The Nottingham Property was initially insured by Liberty Mutual Insurance Company under a homeowner's insurance policy obtained through Gorges, the insurance broker Mrs. Breeden relied upon for all of her insurance needs.

7. In or about September of 1997 the homeowner's insurance coverage on the home was changed from Liberty Mutual Insurance Company to Mutual Benefit on the advice and recommendation of Gorges. Since that time the home has been continuously insured through a Mutual Benefit homeowner's policy, policy number HO00262223 ("the Policy").

8. On or about May 24, 2001 Mrs. Breeden and her husband purchased a second residence located at 72 Battersea Road, Berlin, MD 21811 ("the Berlin Property"). This property was also insured, through Gorges, with Mutual Benefit under policy number HO00275939. The Berlin Property has been continuously insured under policy number HO00275939 since 2001.

9. Both of the policies insuring Mrs. Breeden's homes have what is known in the insurance industry as a "residence premises" clause, which identifies the property insured under the policy. The "residence premises" clause in each policy states as follows:

> "Residence premises" means:
>
> **a.** The one-family dwelling where you reside;
>
> **b.** The two-, three- or four-family dwelling where you reside in at least one of the family units;
>
> **c.** That part of any other building where you reside;
>
> and is shown as the "residence premises" in the Declarations.
>
> "Residence premises" also includes other structures and grounds at that location.

10. The fire occurred on the evening of December 31, 2018 when something was left cooking on the stove by Co-Defendant Kenneth Breeden. Mr. Breeden is Mrs. Breeden's son

and has lived at the Nottingham Property continuously since approximately 2002 and for substantial periods of time between 1997 and 2001.

11. The Nottingham Property was not completely destroyed but the cost of demolition, temporary repairs, cleaning and rebuilding will exceed $160,000.00. These costs will increase over time due to such problems as mold and wood rot.

10. Subsequent to the fire Mrs. Breeden made claim for the various benefits provided for under the terms of the Policy. On May 14, 2019 Mutual Benefit denied coverage and, on the same day, filed this declaratory coverage action based on its interpretation of the "residence premises" clause. Mutual Benefit contends Mrs. Breeden did not reside at the Nottingham Property and therefore it has no obligation to pay under the terms of the policy.

10. Upon information and belief, the exact same "residence premises" clause has been used in both of the policies insuring Mrs. Breeden's homes since each was initially issued. Due to the words used in the policy to define "residence premises", and in particular the "where you reside' verbiage, Mrs. Breeden was subject to a potential disclaimer of coverage for a fire at one home on the ground that she had been spending most of her time at the other home.

**COUNT I – NEGLIGENCE**

11. The allegations of Paragraphs 1 through 10 above are incorporated by reference as if fully set forth herein.

12. By the time the fire occurred on December 21, 2018 there had been litigation between homeowners and insurers for several decades concerning the meaning of the "residence premises" clause and whether there was coverage in cases where the homeowner had not been staying in the home for a period of time when the loss occurred. It was well known by insurance

agents and brokers that clients needed to be counseled and insured in a manner that would minimize the chances of a disclaimer of coverage when the client might be absent from the home for extended periods of time, especially clients who own two homes and might move freely between them.

13. At all relevant times Gorges held itself out to the public in general and Mrs. Breeden in particular as expert in insurance matters, including the knowledge and skill necessary to sell, solicit, and negotiate insurance coverage on behalf of its clients and to advise its clients as to the type and extent of insurance needed to provide adequate insurance coverage.

14. Mrs. Breeden and her family have relied on Gorges to provide insurance services for half a century. Gorges obtained commercial insurance coverage for her father's trucking company, Gar Wood – Baltimore Truck Equipment, Inc., aka Wareheim Truck Body and Equipment Co., Inc. in 1958. Gorges also obtained the coverage for her father's cab company, New City Cab, Inc. beginning in 1971. From the late 1950's up to the time of the fire Gorges has also provided insurance policies for personal lines to Mrs. Breeden and her family, including homeowners and automobile insurance coverage.

15. Gorges undertook to, and did, communicate directly with Mutual Benefit on behalf of Mrs. Breeden concerning her insurance needs, including the issue of "residence premises" and what type of policy should be issued for each home.

16. Gorges rendered advice to Mrs. Breeden as to what type of policies she should purchase and from which insurers. All of Mrs. Breeden's insurance policies were chosen on the basis of the advice and guidance of Gorges. Gorges also knew that Mrs. Breeden relied on its purported expertise and knowledge in interpreting complicated and confusing insurance provisions.

17. As an insurance producer which held itself out to the public as competent and skilled at procuring insurance, it owed a duty of due care and diligence to Mrs. Breeden in seeing that it provided her with homeowner's insurance that would provide coverage in the event one of her homes was damaged by fire or other disaster. Gorges breached this duty by not placing a policy on the Nottingham Property that provided for coverage from damage by fire if it is determined Mutual Benefit is not obligated to pay under the Policy.

18. By virtue of its special relationship with Mrs. Breeden, Gorges was obligated to advise her of the adequacy of her coverage with Mutual Benefit, whether she might be able to obtain better coverage with another insurer, and to advise her of the possibility Mutual Benefit might deny coverage depending on how much time she was present in the home which had sustained a loss.

19. Gorges violated the duty of due care it owed Mrs. Breeden by, among many other things, it:

    a) Failed to advise her that Mutual Benefit might deny coverage for the home which sustained an otherwise covered loss if she was spending more of her time at the other home;

    b) Failed to communicate with her concerning the amount of time she was spending at each home at the time the policies were renewed;

    c) Failed to counsel her on the suitability of a type of insurance known as a "dwelling fire policy";

    d) And in many other ways acted negligently and breached the duty of due care it owed Mrs. Breeden.

20. Had Gorges provided competent service and advice that met its duty of due care Mrs.

Breeden would have had her home insured against the fire that occurred on December 31, 2018. In addition, Mrs. Breeden would not have had to retain counsel to litigate the issue of coverage against Mutual Benefit.

21.  As a proximate result of the negligence and lack of due care of Gorges, Mrs. Breeden has sustained damages, including loss of coverage for cleanup, repair, remodeling and/or replacement of the real and personal property damaged by the fire that occurred on December 31, 2018 as well as attorney's fees incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant and Third-Party Plaintiff, Miriam Breeden, respectfully requests that this Honorable Court enter judgement in her favor for an amount in excess of $75,000.00, plus attorney's fees, with costs assessed against the Third Party Defendant, Gorges & Company, Inc.

Respectfully Submitted,

_____/s/_____
George C. Davis, Esq.     Bar # 02579
608 Baltimore Avenue
Baltimore, Maryland 21204
410-978-4111
410-828-8713 fax
davislaw@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this     day of August, 2019, a copy of the foregoing Third Party Complaint was delivered electronically to:

# EXHIBIT A

Alexander Nemiroff   (Bar No. 14143)
Jacob C. Cohn
Michael C. Heyden, Jr.
Gordon, Rees, Scully, Mansukhani, LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA  19103
anemiroff@gordonrees.com
jcohn@gordonrees.com
mheyden@gordonrees.com
Attorneys for Plaintiff,
Mutual Benefit Insurance Company

And mailed via email and first class mail, postage prepaid, to:

Kenneth Breeden
8821 Orchard Tree Lane
Towson, MD  21286

                         /s/
                         George C. Davis, Esq.     Bar # 02579
                         608 Baltimore Avenue
                         Baltimore, Maryland 21204
                         410-978-4111
                         410-828-8713 fax
                         davislaw@comcast.net