**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812** |

November 20, 2019

LETTER TO COUNSEL AND DEFENDANT

    RE:    *Mutual Benefit Insurance Company v. Miriam Breeden, et al.*;
              Civil No. SAG-19-1422

Dear Counsel and Mr. Breeden:

    I have reviewed Plaintiff Mutual Benefit Insurance Company's ("Mutual Benefit's") Motion for Default Judgment against Defendant Kenneth Breeden, ECF 26, the opposition filed by Defendant Miriam Breeden, ECF 27, and Mutual Benefit's reply. ECF 34. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons addressed herein, Mutual Benefit's Motion will be denied without prejudice.

    On May 14, 2019, Mutual Benefit filed this action against Kenneth Breeden and his mother, Miriam Breeden, seeking 1) a declaratory judgment that both defendants are not entitled to coverage under a fire insurance policy, and 2) restitution in the amount of $5,697.72 from Kenneth Breeden. ECF 1. On May 21, 2019, Mutual Benefit served Kenneth Breeden with the Summons and Complaint. ECF 18. To date, Kenneth Breeden has not filed an Answer or other response to the Complaint. At the Court's request, Mutual Benefit requested and obtained a Clerk's entry of default against Mr. Breeden on October 11, 2019. ECF 25. The instant motion followed.

    Mutual Benefit correctly notes that Defendant Miriam Breeden lacks standing to oppose the entry of default judgment against Kenneth Breeden. Because Mutual Benefit seeks a monetary judgment against Kenneth Breeden alone, the entry of default judgment against Kenneth Breeden would not prejudice Miriam Breeden's defense in any way. *See, e.g.*, *Rodriguez v. Irwin*, 2011 WL 737316, at *4 (E.D.N.C. Feb. 23, 2011) (finding co-defendant had standing where complaint sought joint and several liability for damages). Further, even if default judgment were to be entered against Kenneth Breeden, Fed. R. Civ. P. 54(b) would permit the order to be revised "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Mutual Benefit has expressed a willingness to vacate the default and permit Kenneth Breeden to defend the case on the merits if he appears in the litigation. ECF 34 at 1.

    Despite Mutual Benefit's very reasonable position, and the lack of any valid opposition to its motion for default judgment, this Court cannot grant its motion on the pending record. Mutual Benefit has not adduced evidence to establish its alleged damages, and allegations "relating to the amount of damages" are not deemed admitted simply based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of

the plaintiff's right to recover.'") (citation omitted); *see also Monge v. Portofino Ristorante*, 751 Supp. 2d 789, 794 (D. Md. 2010) (same); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Mutual Benefit has not provided a factual basis on which this Court can make its required independent determination of damages, such as an accounting, affidavits, or other documentary evidence. *See* Fed. R. Civ. P. 55(b)(2) (permitting the Court to conduct an evidentiary hearing or to require an accounting); *see also Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" because plaintiff submitted affidavits and records establishing the amount of damages). In the absence of any evidence to permit the necessary finding, Mutual Benefit's Motion must be denied without prejudice.

Mutual Benefit can decide whether it prefers to refile its motion for default judgment, with appropriate evidentiary support, at this stage in the litigation, or to wait until its case against Miriam Breeden has proceeded on the merits, in order to maximize the opportunity for Kenneth Breeden to appear. Either way, this Court will set a schedule for discovery and trial once the third-party defendant has filed its Answer or other response.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge